BancOhio National Bank, Appellee and Cross-Appellant, *v.* Baker; Administrator, Bureau of Employment Services, Appellant and Cross-Appellee.

(No. 84AP-572—Decided November 27, 1984.)

*Jones, Day, Reavis & Pogue* and *Mark S. Coco,* for appellee and cross-appellant.

*Herbert E. Baker, Jr., pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *George H. Calloway,* for appellant and cross-appellee.

NORRIS, J. The administrator of the Ohio Bureau of Employment Services appeals from an order of the court of common pleas which vacates a decision of the Unemployment Compensation Board of Review and orders the board to order a new hearing before one trier of fact who will hear all the testimony and decide the questions of fact. The administrator had initially determined that claimant Herbert E. Baker, Jr., had quit his employment with BancOhio with just cause. BancOhio appealed to the board of review, which scheduled a hearing in Columbus for May 4, 1983, and gave notice to the parties.

BancOhio appeared at the hearing through counsel and with a witness, but claimant was not present. Over the objection of BancOhio, referee Hersh decided to take BancOhio's evidence and then reassign the matter to the board's Cleveland office for further hearing where claimant would be given an opportunity to appear. BancOhio presented its evidence and argument to referee Hersh.

The file was then transferred to the Cleveland office where another hearing was conducted by referee Thompson on May 23, 1983. Counsel for BancOhio was present, as was claimant who testified. On that same day, referee Thompson attempted to transfer the file back to referee Hersh, noting that he had obtained claimant's testimony. However, on June 3, referee Hersh returned the file to referee Thompson, noting that "per Board policy, since you had both

parties, it is your decision to write." Referee Thompson then rendered the decision, which included findings of fact. There is no indication in the record of whether referee Thompson had before him the May 4 testimony of BancOhio's witness. BancOhio's further appeal to the board was unsuccessful and it appealed to the court of common pleas. The trial court's stated reason for reversing the board was that:

"The reason for the relatively low level of judicial review of facts determined at an administrative hearing, *i.e.,* reliable, probative and substantial evidence test, is that the Court has only a transcript to see while the trier of fact has the witnesses, themselves, to see. The lack of live testimony from the losing party is a defect in procedure and a fundamental lack of due process which renders the administrative decision a nullity. * * *"

The administrator raises one assignment of error:

"The Common Pleas Court erred in finding that the bifurcation of the hearing before two different referees and the rendering of the decision by Referee Thompson constituted the denial of a fair hearing to the Appellant-Appellee."

BancOhio raises two cross-assignments of error:

"1. Baker's position remained open for his return up until the date of his resignation. Therefore, even assuming Baker quit because he was denied a medical leave, it was unlawful, unreasonable, and against the manifest weight of the evidence for the board to hold that this constitutes 'just cause' for resigning as that term is defined in Ohio Rev. Code § 4141.29(D)(2)(a).

"2. Baker has admitted that he resigned his position with BancOhio National Bank solely because he did not wish to perform the duties of a personal banking representative. Accordingly, the board's finding that Baker quit because he was denied a medical leave is unreasonable, unlawful, and not sup-ported by the manifest weight of the evidence."

According to the board, it relied upon one of its rules in scheduling the two evidentiary hearings before two different finders of fact:

"A single hearing shall be held whenever possible. Where it is impracticable for the employer and the claimant to appear at the same hearing, or where the attendance of a witness at such hearing cannot be secured voluntarily or by subpoenas, the Board may direct that the evidence of the employer, the ·claimant or witnesses be taken separately by the same or different Referees at a reasonably convenient place of hearing within the state upon due notice to all interested parties. In such event, the employer and the claimant shall have the right at a convenient time and place to inspect the complete record of the case and shall have the right to rebut any evidence or argument previously given. The employer and the claimant shall have the right of cross-examination, which may be done in person or by written questions when the necessary individuals are unable to appear at the same hearing. The decision in a case on initial appeal in a benefit case where separate hearings are held shall be issued by any Referee who heard the case and shall be based upon the complete record." (Ohio Adm. Code 4146-5-04.)

The board contends that the procedure contemplated by the rule comports with due process concepts of fair hearings. The problem with the board's position is that no effort was made by the referees to comply with the board's own rule. Implicit in the language of the rule is a recognition that divided hearings before different fact-finders are inherently improper and susceptible of yielding unfair results. The experience of our legal system teaches us to be suspicious of findings by a fact-finder who heard evidence from one side only.

The rule requires a single hearing

whenever possible. No effort was made to determine if it was impossible for the claimant to attend a Columbus hearing, or BancOhio to attend a Cleveland hearing—whether it was "impracticable for the employer and the claimant to appear at the same hearing."

Accordingly, we need not address the validity of the rule itself since the board failed to follow its own rule, as it was required to do. See *State, ex rel. Consumers League,* v. *Ratchford* (1982), 8 Ohio App. 3d 420. The assignment of error is overruled.

Because the merits of the appeal were not reached by the court of common pleas, the cross-appeal is premature, and BancOhio's cross-assignments of error are overruled.

The administrator's assignment of error is overruled, BancOhio's cross-assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.